IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**PANAMA CITY BEACH CONDOS,**

   Plaintiff,

vs.                                                                                   CASE NO. 5:06CV198-RS/AK

**AXIS SURPLUS INSURANCE,**

   Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff brings this cause of action for alleged breach of an insurance policy issued by the Defendant for hurricane losses suffered by Plaintiff as a result of Hurricane Dennis in July 2005. Plaintiff filed a motion for contempt of a subpoena issued by the United States District Court for the Eastern District of Arkansas, which that court transferred to this court upon joint motion of the parties. (Doc. 60-2). Also transferred was the Joint Motion to Quash filed by Defendant and Non-Party GAB, which the undersigned is denying by separate order. (Doc. 60-10).

Pursuant to 28 U.S.C. §636 (e)(6)(B)(iii), in such cases where the district judge has assigned pretrial matters to the magistrate judge and acts pertaining to these matters are deemed to constitute civil contempt:

> the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be held in contempt by reason of the facts so

certified.

At issue is non-party GAB, Defendant's general adjuster for Plaintiff's property damage claim, and a subpoena served upon it on January 29, 2007, requesting an appearance and document production on February 12, 2007, at 9:30 in Little Rock, Arkansas.  GAB did not object to the subpoena, did not appear or otherwise comply with the subpoena at the date and time set forth in the subpoena, did not advise Plaintiff beforehand that it would not be complying with the subpoena, and did not file a motion to quash the subpoena until late afternoon on February 12, 2007, the date of compliance.  The motion to quash was erroneously filed in this Court (doc. 32) and was denied because Rule 45, Federal Rules of Civil Procedure, specifically provides that such issues should be determined by the court issuing the subpoena, which was in this case the United States District Court for the Eastern District of Arkansas.  (See Doc. 42).  As stated above, the motion to quash and for contempt, when filed in the court in Arkansas, were then transferred to this court.  (Doc. 60).

The undersigned is by separate order addressing the issue of GAB's non-compliance with the subpoena relative to the motion to quash filed by Defendant and GAB (doc. 60-10), and denying the motion, assessing attorneys fees and costs against GAB/Defendant, and ordering production of all documents not privileged sought by the subpoena based on a finding that objections were waived when not timely asserted. The relief afforded Plaintiff by this Order is, in the opinion of the undersigned, all the relief warranted under the facts as set forth herein.  If GAB fails to comply with the order directing production of documents and a privilege log as described in Rule 45(d)(2), Federal Rules of Civil Procedure, then Plaintiff should again move for contempt at which

time the undersigned will submit a Certification of Facts for a Finding of Contempt.

It is, therefore, **RECOMMENDED** that no order issue requiring GAB to show cause at a hearing as to why it should not be held in contempt and that an Order be entered by the district judge denying the Motion for Contempt (doc. 60-2).

**DONE AND ORDERED** this   *18th*   day of May, 2007

*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**